IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>0.068 ACRES OF LAND, LOCATED IN CHESAPEAKE, VIRGINIA, BEING A PORTION OF PROPERTY TAX PARCEL ID NO. 0343018000840, AND BEING VRP PARCEL VA-CH-114.00, OWNED BY DENNIS E. VANROY AND LISA K. VANROY, *et al.*,<br><br>    Defendants. | Case No. 2:24-cv-548 |

## OPINION & ORDER

Before the Court is the Motion for Default Judgment filed by Plaintiff Columbia Gas Transmission, LLC ("Columbia Gas"). ECF No. 13. The Court has considered the arguments in the briefing and concluded there is no need to hold a hearing. *See* Fed. R. Civ. P. 78(b); E.D. Va. Civ. R. 7(J). For the reasons stated herein, the motion is **GRANTED.**

**I.    BACKGROUND**

Columbia Gas is a natural gas energy provider in the Hampton Roads region. ECF No. 1 ¶ 2. In ensuring the reliability and efficiency of its existing pipeline system, Columbia Gas will replace and upgrade approximately 49 miles of pipeline throughout Hampton Roads, referred to as Columbia's Virginia Reliability Project

("VRP"). *Id.* ¶¶ 2–3. On November 16, 2023, the Federal Energy Regulatory Commission ("FERC") issued an "Order Issuing Certificates and Approving Abandonment" (ECF No. 1-1). *Id.* ¶ 4. In the Order, FERC granted Columbia Gas a Certificate of Public Convenience and Necessity to construct and operate the VRP. *Id.* FERC authorized Columbia Gas's efforts to upgrade the pipes and permitted the company's exercise of eminent domain authority pursuant to the Natural Gas Act, 15 U.S.C. § 717f(h). *Id.* On July 8, 2024, FERC issued an Approval of Variance and Notice to Proceed with Full Construction. ECF No. 1-2.

To proceed with the project, Columbia Gas must access property owned by Defendants Dennis E. Vanroy and Lisa K. Vanroy. ECF No. 1 ¶ 6. Columbia Gas and Defendant Dennis E. Vanroy entered into a temporary easement agreement, and the claims against Defendant Dennis E. Vanroy were dismissed. *See* ECF No. 14 at 2 n.1. As a result, Lisa K. Vanroy (hereinafter "the defendant") is the sole individual defendant in this case.

Columbia Gas seeks a temporary workspace easement encompassing 0.068 acres of the Vanroys' land to proceed with the VRP. ECF No. 1 ¶ 6. The anticipated pre-construction activities, including survey work, tree clearing, and the removal of fencing and a shed, would begin in Fall 2024. *Id.* ¶ 22. Columbia Gas anticipates beginning pipeline construction on the property in Spring of 2025. *Id.* ¶ 23.

Columbia Gas has sent various offer letters, including two final offer letters, to the defendant. ECF No. 1 ¶ 25; ECF No. 1-4 (final offer letters).

Columbia Gas served the defendant on September 17, 2024. ECF No. 8. The defendant failed to submit an answer or other responsive pleading. The Clerk entered default on October 22, 2024, and Columbia Gas filed its Motion for Default Judgment on October 31, 2024. ECF No. 13. The defendant did not file a response to the motion.

## II.     LEGAL STANDARD

### A.     Motion for Default Judgment

Once a defendant is served process, they have 21 days to respond. Fed. R. Civ. P. 12(a)(1)(A)(i). When a plaintiff shows that the defendant has failed to file responsive pleadings, the clerk "must enter" a default, which amounts to an automatic admission of all allegations in the complaint that do not deal with the amount of damages. Fed. R. Civ. P. 55(a); Fed. R. Civ. P. 8(b)(6). After the Clerk enters a default, a plaintiff who seeks default judgment on a claim that is not for a sum certain must "apply to the court for a default judgment." Fed. R. Civ. P. 55(b).

Whether to grant a motion for default judgment is a matter for the Court's discretion. *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Co.*, 383 F.2d 249, 251 (4th Cir. 1967); *JTH Tax, Inc. v. Grabert*, 8 F. Supp. 3d 731, 736 (E.D. Va. 2014); *Vick v. Wong*, 263 F.R.D. 325, 329 (E.D. Va. 2009). The Fourth Circuit strongly prefers that courts adjudicate cases on the merits and has encouraged district courts to construe Fed. R. Civ. P. 55(c) liberally, in order to deny motions for default judgment. *See, e.g., Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 421 (4th Cir. 2010); *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). However, default judgments are warranted when a defendant fails to appear or participate. *Chafin v. Chafin*, 568 U.S. 165, 175 (2013); *Fed. Trade Comm'n v. Pukke*, 53 F.4th 80, 106 (4th

Cir. 2022). Courts in this district have found that default judgment should be granted when the defaulting party's unresponsiveness has halted the adversary process. *See, e.g.*, *Walsh v. Heavenly Hands Home Healthcare LLC*, No. 2:22-cv-237, 2022 WL 18777533, at *5 (E.D. Va. Sept. 1, 2022); *Alstom Power, Inc. v. Graham*, No. 3:15cv174, 2016 WL 354754, at *3 (E.D. Va. Jan. 27, 2016).

Because the defendant, by defaulting, has admitted the facts alleged in the Complaint, the Court must determine whether the plaintiff's allegations are sufficient for judgment to be entered. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). In other words, the Court must decide whether the Complaint contains adequate factual materials to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Grabert*, 8 F. Supp. 3d at 736 (applying the *Twombly* and *Iqbal* standard in the context of default judgment). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

**B.     Easements**

The Natural Gas Act allows FERC certificate holders to "exercise the federal eminent domain power, thereby ensuring that certificates of public convenience and necessity could be given effect." *PennEast Pipeline Co., LLC v. New Jersey*, 594 U.S. 482, 482 (2021); *see Columbia Gas Transmission Corp. v. Drain*, 191 F.3d 552, 555–56 (4th Cir. 1999) (The NGA gives "natural gas pipeline operators[] the power 'to

acquire by eminent domain in the district courts the rights-of-way necessary to operate and maintain their pipelines.'")). The Act provides,

> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts.

15 U.S.C.A. § 717f(h).

"A plaintiff must meet three requirements to exercise eminent domain under the NGA: (1) it must hold a valid FERC certificate; (2) the property it seeks must be necessary to the project; and (3) it must have been unable to acquire the property by agreement." *Mountain Valley Pipeline, LLC v. W. Pocahontas Properties Ltd. P'ship*, 918 F.3d 353, 365 (4th Cir. 2019); *see also Equitrans, L.P. v. Moore*, 725 F. App'x 221, 224 (4th Cir. 2018) (unpublished). Once those requirements are met, "the only issue before the district court in the ensuing eminent domain proceeding is the amount to be paid . . . as just compensation." *Equitrans*, 725 Fed. App'x at 224.

### III.   ANALYSIS

#### A.   Default Judgment is Appropriate and Reasonable

The Court would prefer to decide this case on the merits, but the defendant's nonresponse makes that impossible. *Colleton Preparatory Acad.*, 616 F.3d at 417. The defendant's failure to file responsive pleadings since September 17, 2024, has brought

the adversary process to a standstill. *See Walsh*, 2022 WL 18777533, at *5. Therefore, the Court finds default judgment appropriate in this case.

### B. Columbia Gas's Complaint Plausibly Alleges Claims for a Temporary Workspace Easement.

#### i. *FERC Certificate*

Columbia Gas holds a Certificate of Public Convenience issued by FERC. ECF No. 1-1. The Certificate gives Columbia Gas "the unequivocal power of eminent domain, which includes the power to condemn any land, including the Easements, which is necessary for the construction of the [VRP]." *Atl. Coast Pipeline, LLC v. 1.52 Acres, More or Less, in Nottoway Cnty., Virginia*, No. 2:18-cv-106, 2019 WL 148402, *5 (E.D. Va. Jan. 9, 2019); *see PennEast Pipeline Co., LLC*, 594 U.S. 499, 484 (2021) ("[B]y its terms, § 717f(h) delegates to certificate holders the power to condemn any necessary rights-of-way, including land in which a State holds an interest.").

Columbia Gas has satisfied the first condition of § 717f(h) because it holds a Certificate of Public Convenience issued by FERC "to construct and operate upgraded pipeline facilities as part of its [VRP]". ECF Nos. 1 ¶ 29; 1-1 at 2. Thus, Columbia Gas has the power of eminent domain pursuant to the Natural Gas Act.

#### iii. *Necessity of the Property*

The easement Columbia Gas seeks is necessary to the VPR. Columbia Gas must acquire the easement to complete the replacement of the VM-107 pipeline that is outlined in the FERC Certificate. ECF No. 1 ¶ 21; ECF No. 14 at 8. Columbia Gas anticipates "pre-construction activities including, but not limited to, survey work, tree clearing, and the removal of fencing and a shed" on the property, with "other

pipeline construction activities" to follow. ECF No. 1 ¶¶ 22–23. The VRP cannot safely be completed without the easement. *Id.* ¶ 24, 30. Thus, Columbia Gas meets the second requirement for default judgment on its right to condemn the easement.

### iv. *Inability to Acquire the Easement by Agreement*

Columbia Gas "made various offers to pay the [defendants] compensation for those property rights, including through two final offer letters." *Id.* ¶ 25; ECF No. 1-4. But "[d]espite negotiations . . . Columbia [Gas] . . . has been unable to agree with the [l]andowners for the purchase of the property rights condemned in [the] Complaint." ECF No. 1 ¶ 25. Thus, the third requirement for default judgment is satisfied.

### C.  Just Compensation

Typically, for a taking, "the landowners have the burden of proving, by a preponderance of the evidence, the amount of just compensation owed for the easements condemned by [the pipeline company]." *Atl. Coast Pipeline, LLC*, 2019 WL 148402, at \*6. Courts would apply "the objective standard of fair market value" to determine appropriate compensation for the landowner's loss. *Id.* (citing *United States v. 564.54 Acres of Land*, 441 U.S. 506, 511 (1979)). Here, Columbia Gas's taking is temporary, so "the value of the taking is what rental the marketplace would have yielded for the property taken." *Id.* (citing *United States v. Banisadr Bldg. Joint Venture*, 65 F.3d 374, 378 (4th Cir. 1995)).

If, as here, "the condemnor is the only party to admit evidence to the Court of the value of the real property taken, the Court may use that evidence to determine

7

the just compensation of the property and enter default judgment against defendant landowners and award the defendants their just compensation as determined by the condemnor." *Atl. Coast Pipeline, LLC*, 2019 WL 148402, at *6 (citation omitted).

Columbia Gas's evidence as to valuation comes in the form of its two offer letters. The company offered $10,000 total—$5,000 to be paid to Defendant Lisa K. Vanroy and $5,000 to be paid to Dennis E. Vanroy. ECF No. 1-4 at 3, 6. Columbia Gas's letters to the defendant state that "Dennis E. VanRoy has already agreed to and signed the necessary Temporary Easement Agreement (and other documents) granting Columbia the property rights it requires for the [VRP]." *Id.* at 3 n.1, 6 n.1. Though the Court does not know for certain that this was the offer Dennis E. Vanroy accepted, such an inference is reasonable and therefore required. *See Iqbal,* 556 U.S. at 663. Columbia Gas explained in the letters that, according to their land valuation expert, $5,000 each "greatly exceeds the value of the land rights Columbia is seeking." ECF No. 1-4 at 3, 6. Thus, in the absence of any evidence to the contrary, the Court finds that $5,000 is just compensation for the easement.

## IV. CONCLUSION

Plaintiff's Motion for Default Judgment (ECF No. 13) is **GRANTED.**

The Court **DIRECTS** the Clerk to enter judgment in favor of the plaintiff against Defendant Lisa K. Vanroy as described herein.

It is **ORDERED** that Plaintiff Columbia Gas Transmission, LLC, pay just compensation to the Defendant Lisa K. Vanroy in the amount of $5,000 or otherwise

deposit compensation consistent with the requirements of Rule 71 of the Federal Rules of Civil Procedure.

It is **FURTHER ORDERED** that after Columbia Gas Transmission, LLC, pays just compensation to the Defendant Lisa K. Vanroy, it is authorized to exercise the power of eminent domain under Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), and is entitled to condemn the property rights, including the temporary workspace easement, on the Vanroy Property as described in the Complaint.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/
Jamar K. Walker
United States District Judge

Norfolk, Virginia
December 3, 2024